## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

### NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:           **May 25, 2023**

LOCATION OF HEARING SESSION:   James A. Byrne U.S. Courthouse
                                                           Ceremonial Courtroom, Ground Floor
                                                           601 Market Street
                                                           Philadelphia, Pennsylvania 19106

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- **The Panel has returned to its regular practice of in-person oral argument.** Argument time will be allocated when counsel check in at 8:00 a.m. the morning of the Hearing. The Panel shall notify the parties if there is any change to these procedures.

-2-

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- Please review and plan to abide by the Eastern District of Pennsylvania's requirements regarding public access and masks or face coverings in light of COVID-19, which can be found on the court's website at https://www.paed.uscourts.gov.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **May 1, 2023.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

cc: Clerk, United States District for the Eastern District of Pennsylvania

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

### HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on May 25, 2023, the Panel will convene a hearing session in Philadelphia, Pennsylvania, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton       Matthew F. Kennelly
David C. Norton             Roger T. Benitez
Dale A. Kimball             Madeline Cox Arleo

SCHEDULE OF MATTERS FOR HEARING SESSION
May 25, 2023 — Philadelphia, Pennsylvania

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3073 − **IN RE: T−MOBILE 2022 CUSTOMER DATA SECURITY BREACH LITIGATION**

    Motion of plaintiff Stephan Clark to transfer the following actions to the United States District Court for the Western District of Washington or, in the alternative, the United States District Court for the Western District of Missouri:

        <u>Central District of California</u>

BAUGHMAN v. T−MOBILE US, INC., C.A. No. 2:23−00477
MUNOZ v. T−MOBILE US, INC., ET AL., C.A. No. 2:23−00766

        <u>Northern District of California</u>

HART v. T−MOBILE U.S. INC., C.A. No. 3:23−00436

        <u>Northern District of Florida</u>

CORTAZAL v. T−MOBILE US, INC., C.A. No. 3:23−01220

        <u>District of Kansas</u>

CORKINS, ET AL. v. T−MOBILE US, INC., C.A. No. 2:23−02031

        <u>Western District of Missouri</u>

LYNCH v. T−MOBILE US, INC., C.A. No. 4:23−00052

        <u>District of New Jersey</u>

GONZALEZ v. T−MOBILE US, INC., C.A. No. 2:23−00367

        <u>District of South Carolina</u>

FRIERSON v. T−MOBILE US, INC., ET AL., C.A. No. 4:23−00438

Western District of Washington

CLARK v. T−MOBILE US, INC., ET AL., C.A. No. 2:23−00103
FERGUSON, ET AL. v. T−MOBILE USA, INC., C.A. No. 2:23−00142
DOLLSON, ET AL. v. T−MOBILE US, INC., ET AL., C.A. No. 2:23−00172

## MDL No. 3074 − IN RE: BPS DIRECT, LLC, AND CABELA'S, LLC, WIRETAPPING LITIGATION

Motion of plaintiff Arlie Tucker to transfer the following actions to the United States District Court for the Eastern District of Pennsylvania or, in the alternative, the United States District Court for the Western District of Missouri:

Southern District of California

MOORE, JR. v. BPS DIRECT, LLC, C.A. No. 3:22−01951

District of Massachusetts

MONTECALVO v. CABELA'S INC., C.A. No. 1:22−11837

Western District of Missouri

TUCKER v. BPS DIRECT, LLC, C.A. No. 6:22−03285

Eastern District of Pennsylvania

VONBERGEN v. BPS DIRECT, LLC, C.A. No. 2:22−04709

Western District of Pennsylvania

CORNELL v. BPS DIRECT, L.L.C., C.A. No. 1:23−00020
CALVERT v. CABELA'S L.L.C., C.A. No. 2:22−01460

## MDL No. 3075 − IN RE: PREPARED FOOD PHOTOS, INC., COPYRIGHT LITIGATION

Motion of defendants MyPizza Technologies, Inc., and Angelos Pizza of Poughkeepsie, Inc., to transfer the following actions to the United States District Court for the Middle District of Florida:

Middle District of Florida

PREPARED FOOD PHOTOS, INC. v. MOLA PIZZA, INC., ET AL., C.A. No. 2:22−00829
PREPARED FOOD PHOTOS, INC. v. ZEIN LLC, ET AL., C.A. No. 8:22−01924

Southern District of Florida

PREPARED FOOD PHOTOS, INC. v. ORIGINAL BIG TOMATO, LLC, ET AL.,
    C.A. No. 1:22−24195

District of Maryland

PREPARED FOOD PHOTOS, INC. v. THREE BROTHERS ITALIAN KITCHEN
    LTD., ET AL., C.A. No. 1:22−02119
PREPARED FOOD PHOTOS, INC. v. N & K FOODS, INC., ET AL.,
    C.A. No. 1:22−03372

Southern District of New York

PREPARED FOOD PHOTOS, INC. v. TONYS PIZZA OF POUGHKEEPSIE, INC.,
    ET AL., C.A. No. 1:22−07160
PREPARED FOOD PHOTOS, INC. v. BRAVO WEST PIZZA, LLC, ET AL.,
    C.A. No. 1:22−10951

MDL No. 3076 − **IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE
LITIGATION**

   Motion of plaintiffs Edwin Garrison, et al., to transfer the following actions to the United States District Court for the Southern District of Florida:

Northern District of California

LAM v. BANKMAN-FRIED, C.A. No. 3:22−07336
PIERCE v. BANKMAN-FRIED, ET AL., C.A. No. 3:22−07444
HAWKINS v. BANKMAN-FRIED, ET AL., C.A. No. 3:22−07620
JESSUP v. BANKMAN-FRIED, ET AL., C.A. No. 3:22−07666
PAPADAKIS v. BANKMAN-FRIED, ET AL., C.A. No. 3:23−00024

Southern District of Florida

GARRISON v. BANKMAN-FRIED, ET AL., C.A. No. 1:22−23753
PODALSKY, ET AL. v. BANKMAN-FRIED, ET AL., C.A. No. 1:22−23983
NORRIS, ET AL. v. BRADY, ET AL., C.A. No. 1:23−20439

MDL No. 3077 − **IN RE: VARSITY SPIRIT ATHLETE ABUSE LITIGATION**

Motion of plaintiffs Jane Doe 1, et al., to transfer the following actions to the United States District Court for the Western District of Tennessee or, in the alternative, the United States District Court for the Middle District of Florida:

Central District of California

E. M. v. VARSITY BRANDS, LLC, ET AL., C.A. No. 2:22−09410

Middle District of Florida

DOE 1 BY AND THROUGH HER MOTHER, MARY DOE v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−02146
DOE 2 BY AND THROUGH HER MOTHER, MARY DOE v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−02147
DOE 3 BY AND THROUGH HER FATHER, JOSEPH DOE v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−02149

Northern District of Georgia

DOE 1 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 1:22−04489

Eastern District of North Carolina

DOE v. VARSITY BRANDS, LLC, ET AL., C.A. No. 5:22−00430

Northern District of Ohio

DOE 1 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 1:22−02139

District of South Carolina

DOE 1, ET AL. v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−02957
DOE 8 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−03508
DOE 9 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−03509
DOE 3 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−03510

Western District of Tennessee

DOE, AS NEXT FRIEND OF JOHN DOE 1, ET AL. v. VARSITY BRANDS, LLC, ET AL., C.A. No. 2:22−02657

MDL No. 3078 − **IN RE: GENERAC SOLAR POWER SYSTEMS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Dustin Moon to transfer the following actions to the United States District Court for the Northern District of California:

<u>Eastern District of California</u>

LOCATELL v. GENERAC POWER SYSTEMS, INC., ET AL., C.A. No. 2:23−00203

<u>Northern District of California</u>

MOON v. GENERAC POWER SYSTEMS, INC., ET AL., C.A. No. 3:22−09183

<u>Middle District of Florida</u>

HAAK v. GENERAC POWER SYSTEMS, INC., C.A. No. 8:22−02470

<u>Eastern District of Wisconsin</u>

BASLER, ET AL. v. GENERAC POWER SYSTEMS, INC., C.A. No. 2:22−01386
DILLON v. GENERAC POWER SYSTEMS, INC., C.A. No. 2:23−00034

MDL No. 3079 − **IN RE: TEPEZZA MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Kimberly Exton to transfer the following actions to the United States District Court for the Northern District of California:

<u>Northern District of California</u>

LUKOWSKI v. HORIZON THERAPEUTICS USA, INC., C.A. No. 5:23−01159

<u>Middle District of Georgia</u>

SIMPSON v. HORIZON THERAPEUTICS USA, INC., C.A. No. 4:23−00055

<u>Northern District of Illinois</u>

WEIBEL v. HORIZON PHARMACEUTICALS USA, INC., C.A. No. 1:22−04518
NETHERY v. HORIZON PHARMACEUTICALS, INC., C.A. No. 1:22−05005
WALKER v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06375
PLEDGER v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06562
PEREZ v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06718

SNYDER v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06747
INGRAM v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06836
LEEDS v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06837
WILLIAMS v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−06838
LUCCI v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:22−07351
KRONE v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:23−00069
SCOTT v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:23−00803
FISHER v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:23−00805
DIAZ v. HORIZON THERAPEUTICS USA, INC., C.A. No. 1:23−00896

Northern District of New York

EXTON v. HORIZON THERAPEUTICS USA, INC., C.A. No. 6:23−00282

Western District of Washington

KANESTA-RYCHNER v. HORIZON THERAPEUTICS USA, INC.,
    C.A. No. 3:23−05221

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2816 − **IN RE: SORIN 3T HEATER−COOLER SYSTEM PRODUCTS LIABILITY LITIGATION (NO. II)**

Opposition of plaintiffs Charles Yerkey, et al., to transfer of the following action to the United States District Court for the Middle District of Pennsylvania:

<u>Northern District of Ohio</u>

YERKEY, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH, ET AL.,
    C.A. No. 1:23−00532

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Motions of defendants E. I. du Pont de Nemours and Company; The Chemours Company; The Chemours Company FC, LLC; and 3M Company to transfer of their respective following actions to the United States District Court for the District of South Carolina:

<u>Central District of California</u>

BROY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 5:23−00194
CITY OF CORONA, ET AL. v. 3M COMPANY, ET AL., C.A. No. 5:23−00208

<u>Northern District of Illinois</u>

PEOPLE OF THE STATE OF ILLINOIS v. 3M COMPANY, ET AL.,
    C.A. No. 1:23−01341

<u>Eastern District of North Carolina</u>

AQUA NORTH CAROLINA, INC. v. DOWDUPONT, INC., ET AL.,
    C.A. No. 7:23−00016

MDL No. 2915 − **IN RE: CAPITAL ONE CONSUMER DATA SECURITY BREACH LITIGATION**

Motion of defendant Capital One, N.A., to transfer the following action to the United States District Court for the Eastern District of Virginia:

Central District of California

AGUIRRE, ET AL. v. CAPITAL ONE BANK USA N.A., ET AL., C.A. No. 8:23−00128

MDL No. 2924 − **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiff Maurice Edward Hughley and defendant University Medical Center, Inc., to transfer of the *Hughley* action to the United States District Court for the Southern District of Florida and motion of plaintiff James Martin for remand, pursuant to 28 U.S.C. § 1407(a), of the *Martin* action to the United States District Court for the Southern District of Indiana:

Southern District of Florida

MARTIN v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL., C.A. No. 9:20−80480 (S.D. Indiana, C.A. No. 1:20−00449)

Western District of Kentucky

HUGHLEY v. UNIVERSITY OF LOUISVILLE−MEDICAL CENTER, ET AL., C.A. No. 3:22−00268

MDL No. 2936 − **IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Nationwide Agribusiness Insurance Company for remand, pursuant to 28 U.S.C. §1407(a), of the following action to the United States District Court for the Eastern District of Louisiana:

Western District of Missouri

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 4:21−00072 (E.D. Louisiana, C.A. No. 2:20−02892)

MDL No. 3010 − **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION**

Motion of plaintiffs The State of Texas, et al., for remand, pursuant to 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Eastern District of Texas:

Southern District of New York

THE STATE OF TEXAS, ET AL. v. GOOGLE, LLC, C.A. No. 1:21−6841 (E.D. Texas, C.A. No. 4:20−00957)

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Motion of defendants Philips RS North America LLC and Philips North America LLC to transfer the following action the United States District Court for the Western District of Pennsylvania:

District of New Mexico

ROBERTS v. PHILIPS RESPIRONICS, INC., ET AL., C.A. No. 1:23−00201

MDL No. 3037 − **IN RE: RECALLED ABBOTT INFANT FORMULA PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Deborah M. Rossick, et al., to transfer of the following action to the United States District Court for the Northern District of Illinois:

Middle District of Florida

ROSSICK, ET AL. v. ABBOTT LABORATORIES, INC., ET AL., C.A. No. 8:23−00332

MDL No. 3044 − **IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Laura Grandis, et al., to transfer of the following action to the United States District Court for the Eastern District of New York:

Northern District of Ohio

GRANDIS, ET AL. v. EXACTECH, US, INC., ET AL., C.A. No. 5:23−00274

MDL No. 3047 − **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs V.V., et al., to transfer of the following action to the United States District Court for the Northern District of California:

District of Connecticut

V., ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 3:23−00284

MDL No. 3052 − **IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Oppositions of defendants Kia America, Inc.; Hyundai Motor America; and Hyundai America Technical Center, Inc., to transfer of their respective following actions to the United States District Court for the Central District of California:

Southern District of Ohio

CITY OF COLUMBUS, OHIO v. KIA AMERICA, INC., ET AL., C.A. No. 2:23−00654

Western District of Washington

CITY OF SEATTLE v. HYUNDAI MOTOR AMERICA, INC., ET AL.,
    C.A. No. 2:23−00098

Eastern District of Wisconsin

CITY OF MILWAUKEE v. HYUNDAI MOTOR AMERICA, ET AL.,
    C.A. No. 2:23−00376

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)    Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)    Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)    Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)    Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)    Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)    Time Limit for Oral Argument. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.